WILLIAM R. MARTIN, Appellant, *v.* THE WINDSOR HOTEL COMPANY, Respondent.

The General Term may reverse orders of Special Term affecting substantial rights—*i. e.,* matters of substance, not of mere form—although discretionary.

An order of reference is an order affecting a substantial right, as the mode of trial of an action, whether by jury or by referee, is a matter of substance, and such an order is appealable to the General Term.

Where an action is referable, whether it shall be referred or not is a matter of discretion, and an order refusing a reference is not reviewable here.

(Argued May 29, 1877; decided June 5, 1877.)

APPEAL from order of the General Term of the Supreme Court in the first judicial department, reversing an order of Special Term referring this action. (Reported below, 10 Hun, 304.)

This action was upon an account for professional services rendered by plaintiff as attorney for defendant. The order of reference was granted upon an affidavit that the trial would involve the examination of a long account.

*Amasa J. Parker*, for the appellant. Where a case does not show that the General Term exercised its discretion on the merits exclusively, but based its decision on a question of power or law, an appeal will lie to this court. (*Eq. L. Ins. Soc.* v. *Stevens*, 63 N. Y., 343; *Han. Ins. Co.* v. *Tomlinson*, 58 id., 216; *Tilton* v. *Beecher*, 59 id., 176; *Howell* v. *Niells*, 53 id., 331; *Campbell* v. *Seaman*, 63 id., 582; *De Leamosas* v. *De Leamosas*, 62 id., 619; *Lefler* v. *Field*, 52 id., 622; *Holyoke* v. *Adams*, 59 id., 231; *White* v. *McLean*, 57 id., 671; *Mayer* v. *Cullen*, 54 id., 397.) The action was referable. (*Welsh* v. *Darragh*, 52 N. Y., 592.)

*Samuel Hand*, for the respondent. The discretion of the General Term having been exercised in reversing the order of reference, its action was final. (*Godfrey* v. *Ins. Co.*, 12 Abb. [N. S.], 250; *Goodyear* v. *Brooks*, 2 id., 276; 4 Robt., 682; *Wheeler* v. *Falconer*, 7 id., 45; *Livermore* v. *Bainbridge*, 56 N. Y., 72; *Han. Ins. Co.* v. *Tomlinson*, 58 id., 215; *Welsh* v. *Darragh*, 52 id., 592.) The order of reversal was right. (*Evans* v. *Kalbfleisch*, 16 Abb. [N. S.], 13.) It was the right and duty of the General Term to review and correct the exercise by the Special Term of its discretion in making the order of reference. (*Goodyear* v. *Brooks*, 2 Abb. [N. S.], 304; *Godfrey* v. *Williamsburgh F. Ins Co.*, 12 id., 250.)

Church, Ch. J. It is conceded that the action is referable under the statute, and whether it should be referred or not was discretionary with the court below, and the order is not therefore appealable to this court. The point insisted upon is that the order was not appealable to the General Term. Section 349 of the Code provides (among other things) that an order is appealable from the Special to the General Term, " when it involves the merits of the action, or some part thereof, *or affects a substantial right."* The question is whether this order affects a substantial right. It is claimed that a substantial right, within the meaning of the Code, is

an absolute legal right, and that a matter which is discretionary is not a substantial right, and hence not appealable to the General Term.    There are judicial expressions made during the earlier period of the Code which favor this view, but it is an erroneous construction, and it has been settled that the General Term may review orders that affect substantial rights, although discretionary.    DENIO, J., in 29 N. Y., 418, in defining a substantial right distinguished it from a merely formal matter or right.    It is only necessary that the order, to be appealable, must affect a substantial interest — a matter of substance and not of mere form — and it may be such an order, and yet be discretionary.    The Code in section 11, sub. 4, recognizes that an order affecting a substantial right may be discretionary by providing that an appeal will lie to the Court of Appeals in certain cases from an order affecting a substantial right " *not involving any question of discretion.*"    It has been urged that as the Court of Appeals will not review a discretionary order under the 3d sub. of the 11th section, providing for an appeal to that court from a final order in a special proceeding " *affecting a substantial right,*" without the qualifying words employed in sub. 4, above quoted, the General Term has therefore no power to review a discretionary order under section 349, where the same words are used.    The answer to this is that the Court of Appeals refrain from reviewing such orders when discretionary, not from any prohibition implied by the words *substantial right,* but from the constitution and functions of the court as an appellate tribunal restricted to a review of questions of law only.    While the general and special terms of the Supreme Court are but different parts of the same court of equal original jurisdiction, and the former can review and correct orders made by the latter, whether discretionary or not, provided they affect matters of substance.    (*Howell* v. *Mills,* 53 N. Y., 322.)    The question involved below was a right to a trial by jury or referee, and whether the parties should have the controversy determined by one tribunal or the other, was a matter of

substance and hence appealable, although the court had power in the exercise of its discretion to order either mode of trial. The constitution of the tribunal, the mode of trial, the effect of the verdict and the mode and grounds of review are entirely unlike, and affect substantial interests of the parties to the action. The constitution has protected the right of trial by jury in a certain class of cases, and as to others the statute permits a reference. A reference is not an absolute right in any case. Whether the court will exercise the power conferred of referring any action which the statute authorizes to be referred, depends upon all the circumstances of the case, and the exercise of the power in a given case is clearly reviewable by the General Term, but not by this court.

The appeal to this court must therefore be dismissed.

All concur, except RAPALLO, J., absent.

Appeal dismissed.