KEZIA HARRINGTON, as Committee, etc., Respondent, *v.* NANCY BRUCE individually, and as Executrix, etc., Appellant.

This action was brought by plaintiff, as committee of the estate of a luna-tic, to obtain an accounting of the rents and profits of real estate owned in common by the lunatic and by defendant's testator, received by the latter, and of personal property belonging to them jointly, which the complaint alleged had been fraudulently appropriated by said testator, the defendant, and her former husband, in pursuance of a conspiracy between them in fraud of the rights of the lunatic. *Held* that the action being for an accounting was referable; that the allegations of fraudulent conspiracy did not change its character; and that an order of reference was not reviewable here.

(Argued February 1, 1881; decided February 8, 1881.)

APPEAL from order of the General Term of the Supreme Court, in the fourth judicial department, made April 6, 1880, affirming two orders of Special Term,— one ordering a refer-ence of this action to a referee to be agreed upon by the par-ties, the other referring it to a referee named; defendant hav-ing refused to select, or to agree to a referee under the first order.

The nature of the action appears in the opinion.

*Albert Moot* for appellant. A compulsory order of refer-ence could not be granted in this action, because defendant is entitled to a trial by the court. (*Johnson* v. *Parmley*, 17 Johns. 129; *Greer* v. *Patcher*, 13 Wend. 203; *Dedericks* v. *Richley*, 19 id. 108; *Graham* v. *Golding*, 7 How. Pr. 260;

Code of Civil Procedure, §§ 1011–1013 ; *Keeler* v. *P. & S. P. R. Co.*, 10 How. Pr. 11 ; *Townsead* v. *Hendricks*, 40 id. 143 ; *Kain* v. *De Lano*, 11 Abb. Pr. [N. S.] 29 ; *Welsh* v. *Darragh*, 52 N. Y. 590 ; *Place* v. *Chesebrough*, 63 id. 315 ; *Magown* v. *Sinclair*, 5 Daly, 63 ; *Keef* v. *Keef*, 9 Weekly Digest, 433.)

*Abram Thorn* for respondent. This action is a proper one for a reference. (*Goodyear* v. *Brooks*, 4 Robt. 682 ; 2 Abb. Pr. [N. S.] 296 ; *Batchelder* v. *Albany Ins. Co.*, 6 id. 240 ; 8 Abb. Digest, 544, §§ 4, 5 ; *Holmes* v. *Bennett*, 28 How. Pr. 289 ; 15 Abb. Pr. 303.)

ANDREWS, J. This was a referable action. Its primary purpose was to obtain an accounting of the rents and profits of real estate, owned in common by Silas and Seth Harrington, received by the latter, and of personal property belonging to them jointly, alleged to have been fraudulently appropriated by Seth Harrington, the defendant Nancy Bruce, and her former husband Alexander Bruce, in pursuance of a conspiracy between them, in fraud of the rights of Silas Harrington. The defendant is the executrix and the legatee and devisee of Seth Harrington ; and the complaint alleges that she has now in her hands $15,000 of the personal estate of John J. Harrington, deceased, which belonged equally to Silas and Seth Harrington, one-half of which now belongs to Silas, and demands, among other things, an accounting of the rents and profits of the real estate received by Seth Harrington, and of the personal estate left by John J. Harrington which came to his hands. The allegation of a fraudulent conspiracy to deprive the plaintiff of his rights in the property of his father does not change the character of the action. The pleadings show a case authorizing the court to refer the action, and its order is not reviewable here. (*Martin* v. *The Windsor Hotel Co.*, 70 N. Y. 101.)

The appeal should be dismissed.

All concur, except RAPALLO, J., absent.

Appeal dismissed.