Allen, J.
 

 The one question presented by the record in this case is whether the court of common pleas committed reversible error in refusing the demand of the plaintiff below for trial to a jury of twelve. The court of common pleas held that the plaintiff below had
 
 *281
 
 waived such a jury and had consented to trial by a jury of six, pursuant to a general rule duly adopted by the court of common pleas of Cuyahoga county. This rule, which was based upon “the desire of the judges to cooperate in every reasonable manner in reducing the expense of operation” of the court of common pleas of Cuyahoga county, reads in its material por-, tions as follows:
 

 “ (a) In all cases filed on and after April 15, 1932, where a jury is demanded, it shall be composed of six lawful electors, unless the parties agree to a lesser number. Any party desiring a jury of more than six lawful electors shall incorporate such demand in the original demand for a jury.
 

 “(b) In all civil jury cases pending on and after April 18, 1932 the parties will be deemed to have waived a jury of twelve and to have consented to try such cases to a jury of six, unless a demand for a greater number than six in writing shall be filed with the Assignment Commissioner before such cases appear, in any active list published on and after April 11, 1932.”
 

 It is conceded that if the rule is valid, it applies to the facts of this record, that no demand in writing for a greater number than six jurors was filed in accordance with the rule, and hence it is contended that under the rule the plaintiff below must be deemed to have waived a jury of twelve and to have consented to try the case to a jury of six. The Court of Appeals held the rule invalid and therefore reversed the judgment of the trial court.
 

 It is argued by counsel on behalf of the plaintiff in error that the rule is valid. They urge that the rule does not conflict with the Ohio statutes upon waiver of trial by jury, and that if it does conflict with the Ohio statutes, those statutes cannot be used to impair the judicial power and the inherent rule-making power of the court.
 

 
 *282
 
 Does the rule conflict with the Ohio statutes on jury waiver?
 

 Section 11379, General Code, provides: “Issues of law must be tried by the court, unless referred as hereinafter provided. Issues of fact arising in actions for the recovery of money only, or specific real or personal property, shall be tried by a jury, unless a jury trial be waived, or a reference be ordered as hereinafter provided.”
 

 Section 11421-1, General Code, provides how a jury trial may be waived. It reads as follows:
 

 “In actions arising on contract the trial by jury may be waived by the parties, and in other actions with the assent of the court as follows:
 

 “1. By consent of the party appearing, when the other party fails to appear at the trial, in person or by attorney;
 

 “2. By written consent, in person, or by attorney, filed with the clerk;
 

 “3. By oral consent in open court entered on the journal.”
 

 Since Section 11379, General Code, sets forth that a court is authorized to try only those cases in which a jury has been waived under the statute “as hereinafter provided,” and since this record shows that no waiver of jury trial was made as provided under Section 11421-1 the plaintiff in error cannot prevail unless the rule of court above quoted prevails over the statute.
 

 The principle of the separation of the powers, executive, legislative and judicial, does not help us greatly in this controversy. This record does not involve such a question as that presented in
 
 Opinion of Justices, in re Dorr,
 
 3 R. I., 299, at page 301, which involved the question of the constitutionality of an act of the Legislature providing for the reversal and annulment of a judgment of the Supreme Court of Rhode
 
 *283
 
 Island. The Supreme Court of Rhode Island in that case held that such legislation would be unconstitutional.
 

 The question here presented is whether a rule of court as to waiver of jury trial prevails over a valid statutory enactment upon that subject. This question requires the consideration of the scope of the rule-making power of the court. As held both by this court and by other courts of last resort throughout the country, aside from common-law or statutory grant, the power to make rules of procedure is inherent in the judicial department.
 
 Kolkman
 
 v.
 
 People,
 
 89 Colo., 8, 300 P., 575; 23 Illinois Law Review, 276;
 
 Stale, ex rel. Foster-Wyman Lumber Co.,
 
 v.
 
 Superior Court for King County,
 
 148 Wash., 1, 267 P., 770.
 

 Section 1558, G-eneral Code, which grants to courts of common pleas in this state the power to make rules with reference to court procedure, is only declaratory of the inherent rule-making power already existing in courts. It reads, in part, as follows: “The judges of said common pleas court shall meet at least once in each month and at such other times as the chief justice may require, and shall prescribe rules regulating the docketing and hearing of causes, motions and demurrers and such other matters as are necessary for the advancement of justice and. prevention of delay, and for the government of the officers of the court, not inconsistent with general laws.”
 

 This statute relates in its specific terms to rules dealing with procedural matters and the business of the courts. The inherent rule-making power also extends to procedural matters only. Thus Wigmore’s vigorous article entitled “All Legislative Rules for Judiciary Procedure are Void Constitutionally,” 23 Illinois Law Review, 276, has no application here. In fact, no more ringing defense of the merits of jury trial exists than an article by Dean Wigmore himself, to be found in the Journal of the American Judicature Society, in the issue of April, 1929, at page 166. But
 
 *284
 
 the right to a jury trial does not involve merely a question of procedure. The right to jury trial derives from Magna Charta. It is reasserted both in the Constitution of the United States and in the Constitution of the State of Ohio. For centuries it has been held that the right of trial by jury is a fundamental constitutional right, a substantial right, and not a procedural privilege.
 
 Martin
 
 v.
 
 Windsor Hotel Co., 70
 
 N. Y., 101. Hence Section 1558 does not authorize a rule of court defining waiver of trial by jury in courts of common pleas. Moreover, the provision of Section 1558, “not inconsistent with general laws,” specifically governs in this case. This rule of court is in conflict with general law, namely, with Sections 11379 and 11421-1, General Code.
 

 It is true that this court has held valid a statute providing for waiver of jury under rule of court.
 
 Harry Goldberg Co.
 
 v.
 
 Emerman,
 
 125 .Ohio St., 238, 181 N. E., 19. In that case the validity of the municipal court act was involved, wherein it is provided that a municipal court may mate rules dealing with the waiver of jury trial in civil cases. However, a long line of authorities in this state has established a distinction between trials of persons accused of minor erimes or prosecuting civil actions in inferior courts, and criminal trials in a court of record.
 
 Dailey
 
 v.
 
 State,
 
 4 Ohio St., 57;
 
 Billigheimer
 
 v.
 
 State,
 
 32 Ohio St., 435, at page 439;
 
 Hoffman
 
 v.
 
 State,
 
 98 Ohio St., 137, 120 N. E., 234. In every one of these cases the Legislature had, by express statute, established either the right of a court to make a rule dealing with waiver of jury, or had.itself set forth the circumstances which should constitute such a waiver.
 

 We are conscious of the practical exigencies which led the court of common pleas of Cuyahoga county to promulgate the rule in question. No criticism is made of its motives, but holding as we do that trial by jury is a substantial right, and not a procedural matter,
 
 *285
 
 holding as we do that the statute has specifically outlined the way in which a jury may be waived, we inevitably conclude that this rule of court is invalid. It conflicts with general law, and it is not authorized under the inherent rule-making power.
 

 Under this rule of court, waiver of trial by jury in the county of Cuyahoga was defined in a different manner from waiver of trial by jury in every other one of the eighty-eight counties of the state. To hold that this rule could materially modify the valid statute would be to hold that a court could make a special rule of court with relation to jury trial for one county different from the law prevailing in other sections of the state, a power which, in the words of Judge Spear, in
 
 Van Ingen
 
 v.
 
 Berger,
 
 82 Ohio St., 255, 92 N. E., 433, 19 Ann. Cas., 799, “has been denied to the general assembly itself.”
 

 Entertaining these opinions, we are compelled to affirm the judgment of the Court of Appeals.
 

 Judgment affirmed.
 

 Stephenson, Jones, Matthias, Bevis and Zimmerman, JJ., concur.
 

 Weygandt, C. J., dissents.