[Cite as *State v. Jackson*, 2012-Ohio-4872.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF LORAIN | ) | |

| | |
|---|---|
| STATE OF OHIO | C.A. No.     12CA010155 |
| Appellee | |
| v. | APPEAL FROM JUDGMENT ENTERED IN THE |
| CURTIS A. JACKSON | COURT OF COMMON PLEAS COUNTY OF LORAIN, OHIO |
| Appellant | CASE No.     11CR082705 |

DECISION AND JOURNAL ENTRY

Dated: October 22, 2012

CARR, Judge.

{¶1}   Appellant, Curtis Jackson, appeals the judgment of the Lorain County Court of Common Pleas.  This Court reverses.

I.

{¶2}   On March 23, 2011, a complaint was filed in the Elyria Municipal Court charging Jackson with failure to notify of a change of address in light of his status as a sexually oriented offender.  The matter was subsequently bound over to the Lorain County Grand Jury and Jackson was indicted on one count of failure to notify of a change of address in violation of R.C. 2950.05(F)(1).  Jackson initially pleaded not guilty to the charge at arraignment.  After a series of pretrial conferences, Jackson changed his plea to no contest.  Jackson was subsequently found guilty by the trial court and sentenced to one year of community control sanctions.

{¶3}   Jackson filed a timely notice of appeal and raises two assignment of error.  This Court rearranges his assignments of error to facilitate review.

II.

## ASSIGNMENT OF ERROR II

THE COURT ERRED TO THE DETRIMENT OF JACKSON BY INTIMIDATING JACKSON TO ENTER A PLEA OF NO CONTEST WHEN JACKSON WANTED TO CONTINUE TRIAL.

{¶4} In his second assignment of error, Jackson contends that the trial court erred by intimidating him in order to induce a plea. This Court agrees.

{¶5} In support of his assignment of error, Jackson argues that the trial court intimidated him and thus coerced him into entering his plea by stating on the record that Jackson would get a longer sentence if he exercised his right to trial and that the evidence would overwhelmingly prove him guilty. Jackson asserts that his plea was not valid in light of these statements.

{¶6} "The Sixth Amendment to the United States Constitution, made applicable to the states through the Fourteenth Amendment, guarantees an accused the right to trial by jury." *State v. Lomax*, 114 Ohio St.3d 350, 2007-Ohio-4277, ¶ 6, citing *Duncan v. Louisiana*, 391 U.S. 145 (1968). Section 5, Article I of the Ohio Constitution states that the "right of trial by jury shall be inviolate[.]" It is well settled that "the right to a jury trial does not involve merely a question of procedure. The right to jury trial derives from [the] Magna Charta. It is reasserted both in the Constitution of the United States and in the Constitution of the State of Ohio. For centuries it has been held that the right of trial by jury is a fundamental constitutional right, a substantial right, and not a procedural privilege." *Cleveland Ry. Co. v. Halliday*, 127 Ohio St. 278, 284 (1933), citing *Martin v. Windsor Hotel Co.*, 70 N.Y. 101 (1877). Moreover, the Supreme Court of Ohio has held that "unless a plea is knowingly, intelligently, and voluntarily made, it is invalid." *State v. Clark*, 119 Ohio St.3d 239, 2008-Ohio-3748, ¶ 25.

{¶7}    The Supreme Court has also stated that "a defendant is guaranteed the right to a trial and should never be punished for exercising that right or for refusing to enter a plea agreement[.]"  *State v. O'Dell*, 45 Ohio St.3d 140 (1989), paragraph two of the syllabus.  "If courts could punish defendants for exercising their constitutional right to a jury trial, the right would be impaired by the chilling effect."  *State v. Morris*, 159 Ohio App.3d 775, 2005-Ohio-962, ¶ 12 (4th Dist.), citing *State v. Scalf*, 126 Ohio App.3d 614, 621 (8th Dist.1998), and *North Carolina v. Pearce*, 395 U.S. 711 (1969).

{¶8}    The record indicates that there were several pretrial conferences in this case prior to Jackson's plea hearing.  On October 5, 2011, Jackson appeared in the trial court and indicated that he would like a new attorney.  After a brief conversation, defense counsel was discharged and new counsel was appointed.

{¶9}    Jackson appeared again before the trial court on October 19, 2011, for a pretrial conference.  At the conference, the trial court indicated that it understood there had been plea negotiations, and Jackson expressed a desire to proceed to trial.  The following exchange occurred on the record:

> The Court:    Okay.  So I mean, if you want to roll the dice, I've got no problem. If this Court is turned into a circus, you will do time if you are convicted.  I guarantee it.  If it looks like you have a good claim, I don't punish people for taking it to a trial.  However, if I think that it's a slam dunk on the State's behalf and all of this takes place simply for whatever reason and you are convicted, I guarantee you I will send you to prison. Okay?
>
> Now, a felony three for failure to register, if it's a first time, I don't go hard on people.  That's why I am willing to say paper.  Nothing intensive, it will be basic supervision.  And then if everything is cool and you do your reporting for a year, you're done.  But if you -- I mean, a lot of people like to take things to trial because they feel there's a principle involved, and I don't get into principles when I sentence.  I just look at what is put before me.

And if in fact the jury convicts you -- and I have seen a couple things regarding this case. I saw a sheet that you signed acknowledging the fact that you had to report. And furthermore, it's my understanding that you reported for several years before you missed it. It's going to be pretty damn hard to convince a jury that you didn't know you had to report when you were doing it for several years before that.

The Defendant: Well, I think --

The Court: I ain't buying it.

The Defendant: I think that will come out in trial, you know. And at this point I want to go to trial.

The Court: Okay. But understand, I want to make it real clear, if I feel that you pushed it to trial and you don't have a claim, you're going to prison. There's no buts.

The Defendant: If that's the case.

The Court: Oh, it is going to be the case. I am just telling you right now if in fact, but –

The Defendant: All right.

The Court: You know, when I am looking at cases and when defendants look at cases, they should be looking at the future and not just a matter of principle.

The Defendant: With all due respect, Your Honor, I would rather be judged by my peers.

The Court: You are going to get your peers, but it's not -- peers don't sentence you.

The Defendant: I understand, sir.

The Court: Okay. I am just letting you know that the deal that has been offered is pretty darn good.

The Defendant: For Who?

The Court: For you.

{¶10} It was improper for the trial court to make a "guarantee" that Jackson would be sent to prison if he was found guilty after exercising his right to trial. The right to trial contained

in the Sixth Amendment of the United States Constitution and Section 5, Article I of the Ohio Constitution is a fundamental component of the American judicial system and plays a paramount role in the pursuit of justice. While a criminal defendant is free to engage in plea negotiations with the State and ultimately enter a plea, the trial court must refrain from creating the appearance that failing to enter a plea will lead to a draconian result. *O'Dell,* 45 Ohio St.3d at paragraph two of the syllabus. Here, Jackson clearly expressed a desire to be judged by a jury of his peers and the trial court's comments gave the appearance that exercising his constitutional right to trial would result in the imposition of a prison sentence, despite the fact that community control was an option. In fact, the trial court specifically stated that if Jackson exercised his right to trial and did not "have a claim," Jackson would be sent to prison. It is clear that the aforementioned comments had a chilling effect on Jackson's right to trial and that his subsequent plea of no contest was not voluntarily made. It follows that Jackson's plea must be vacated and this case must be remanded.

{¶11} Jackson's second assignment of error is sustained.

## ASSIGNMENT OF ERROR I

THE TRIAL COURT ERRED TO THE DETRIMENT OF JACKSON BY ACCEPTING JACKSON'S PLEA OF NO CONTEST AND THEN SENTENCING JACKSON TO FAILURE TO REGISTER A CHANGE OF NEW ADDRESS WHEN JACKSON OBJECTED TO THE COURT FINDING HIM GUILTY AS THE UNDERLYING SEXUAL OFFENDER CLASSIFICATION WAS ILLEGALLY IMPOSED.

{¶12} In his first assignment of error, Jackson argues that the trial court erred by accepting his plea of no contest and then finding him guilty. Because our resolution of the second assignment of error is dispositive of this appeal, this Court declines to address Jackson's first assignment of error as it is rendered moot. *See* App.R. 12(A)(1)(c).

III.

{¶13} Jackson's second assignment of error is sustained. This Court declines to address the first assignment of error as it is moot. The judgment of the Lorain County Court of Common Pleas is reversed and the cause remanded for further proceedings consistent with this decision.

Judgment reversed,
and cause remanded.

———

There were reasonable grounds for this appeal.

We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Lorain, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellee.

DONNA J. CARR
FOR THE COURT

MOORE, P. J.
CONCURS.

BELFANCE, J.
CONCURS IN JUDGMENT ONLY.

APPEARANCES:

KENNETH N. ORTNER, Attorney at Law, for Appellant.

DENNIS P. WILL, Prosecuting Attorney, and MARY R. SLANCZKA, Assistant Prosecuting Attorney, for Appellee.