[Cite as *State v. Scott*, **2021-Ohio-2676.**]

## COURT OF APPEALS OF OHIO

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

STATE OF OHIO,                              :

    Plaintiff-Appellee,                  :

                                  No. 109852

    v.                                   :

PHILLIP SCOTT,                             :

    Defendant-Appellant.                 :

---

## JOURNAL ENTRY AND OPINION

### JUDGMENT: AFFIRMED AND REMANDED
### RELEASED AND JOURNALIZED: August 5, 2021

---

Criminal Appeal from the Cuyahoga County Court of Common Pleas
Case No. CR-19-642110-A

---

### *Appearances:*

Michael C. O'Malley, Cuyahoga County Prosecuting Attorney, and Jeffrey Schnatter, Assistant Prosecuting Attorney, *for appellee.*

Eric M. Levy, *for appellant.*

MARY EILEEN KILBANE, J.:

{¶ 1} Defendant-appellant Phillip Scott ("Scott") appeals from his convictions for murder, having weapons while under disability, menacing by stalking, criminal damaging, and receiving stolen property. For the following

reasons, we affirm the trial court's judgment and remand the case only for the issuance of a nunc pro tunc sentencing entry.

**Factual and Procedural History**

{¶ 2} On August 15, 2019, a Cuyahoga County Grand Jury indicted Scott on Count 1, aggravated murder in violation of R.C. 2903.01(A); Count 2, murder in violation of R.C. 2903.02(B); Count 3, felonious assault in violation of R.C. 2903.11(A)(1); Count 4, improperly discharging into habitation in violation of R.C. 2923.161(A)(1); Count 5, having weapons while under disability; Counts 6 and 7, menacing by stalking with furthermore specifications in violation of R.C. 2903.211(A)(1); and Count 8, criminal damaging or endangering in violation of R.C. 2909.06(A)(1), and Count 9, receiving stolen property in violation of R.C. 2913.51(A). Except for Count 5, each count carried one- and three-year firearm specifications. The indictment also charged a codefendant, Melissa Smith ("Smith"), with one count of tampering with evidence in violation of R.C. 2921.12(A)(1). The charges arose from the murder of Carlos Mitchell ("Mitchell") on May 26, 2019.

{¶ 3} Although Scott and Smith had been romantically involved, at the time of the murder, Scott was on probation for domestic violence offenses committed against Smith. After Scott and Smith ended their relationship, Smith began a relationship with Mitchell, the victim in this case. On May 26, 2019, Scott sent Smith threatening text messages and ultimately went to Smith's home. Smith and Mitchell

went outside when Scott arrived, and Scott shot Mitchell three times, killing Mitchell outside of the home.

{¶ 4} Scott initially pleaded not guilty to all charges. After numerous pretrial hearings, on February 18, 2020, the assistant county prosecutor and Scott's counsel informed the court that they had negotiated a plea agreement. The assistant county prosecutor outlined the charges to which Scott was agreeing to plead guilty: Count 1 was amended to murder in violation of R.C. 2903.02(A), Count 6 was amended to delete the furthermore specification, Scott would plead to Counts 5, 8, and 9 as indicted, and Counts 2, 3, 4, and 7 were nolled. Scott's counsel concurred in this summary of the plea agreement.

{¶ 5} The court then engaged in a Crim.R. 11 colloquy with Scott. The court confirmed that Scott understood the charges and maximum potential penalties he faced, as well as the constitutional rights that Scott would be waiving by pleading guilty. After confirming that Scott understood the terms of his plea, the court accepted Scott's guilty pleas.

{¶ 6} Scott's counsel asked the court for a continuance to prepare a sentencing memorandum. The court denied this request and proceeded directly to sentencing. The victim's father, the prosecutor, and Scott's counsel each addressed the court. Scott also addressed the court, apologizing to the victim's family and the court. The court sentenced Scott to 15 years to life on Count 1, to run consecutively to the three-year firearm specification for a total of 18 years on that count; two years on Count 5; six months on Count 6; 90 days on Count 8; and one year on Count 9.

The court ordered the two-year sentence on Count 5 to run consecutively to the 18-year sentence on Count 1, and the other sentences to run concurrently, for an aggregate sentence of 20 years to life. Defense counsel made an oral motion to waive fines, fees, and court costs, and the court granted this motion. The court also noted that Scott would receive 266 days of jail-time credit.

{¶ 7} In the court's corresponding February 18, 2020 journal entry, it accurately described Scott's plea. With respect to his sentence, however, the journal entry correctly noted the prison sentence on each count and but then went on to impose costs. The court stated:

> Fines waived. Fees waived. Costs waived. The court hereby enters judgment against the defendant in an amount equal to the costs of this prosecution.

On July 28, 2020, Scott filed a notice of appeal.

{¶ 8} On October 16, 2020, the parties filed a joint motion for limited remand to the trial court to correct clerical errors in the sentencing journal entry. Specifically, the motion argued that the February 18, 2020 journal entry contained a clerical error because the court expressly waived court costs and then subsequently imposed court costs in the journal entry.

{¶ 9} On October 19, 2020, this court denied the motion for a limited remand, stating that the imposition of court costs is not a jurisdictional issue, and therefore, the issue may be raised as an assigned error in Scott's brief.

{¶ 10} Scott presents the following four assignments of error for our review:

**I.** Appellant's plea was not entered knowingly, intelligently and voluntarily where he was not advised of his right to be convicted by a unanimous jury verdict which he would be waiving by entering a plea of guilty in strict compliance with his rights under the United States Constitution, Criminal Rule 11 and otherwise by law pursuant to *Ramos v. Louisiana*.

**II.** The trial court failed to make findings to support the imposition of consecutive sentences on the record at the oral sentencing hearing.

**III.** The trial court failed to properly consider all principals and purposes of felony sentencing prior to imposing sentence upon Appellant.

**IV.** The trial court erred when it ordered Appellant to pay court costs in its journal entry of sentencing that were waived on the record and trial counsel was otherwise ineffective for failing to object or file an affidavit of indigency.

## Legal Analysis

## I. Guilty Plea

{¶ 11} In his first assignment of error, Scott argues that his guilty plea was not knowingly, intelligently, and voluntarily entered because the court did not explicitly inform him of his right to be convicted by a unanimous jury verdict.

{¶ 12} The underlying purpose of Crim.R. 11 is to convey certain information to a defendant so that they can make a voluntary and intelligent decision regarding whether to plead guilty. *State v. Ballard*, 66 Ohio St.2d 473, 479-480, 423 N.E.2d 115 (1981). "The standard for reviewing whether the trial court accepted a plea in compliance with Crim.R. 11(C) is a de novo standard of review." *State v. Cardwell*, 8th Dist. Cuyahoga No. 92796, 2009-Ohio-6827, ¶ 26, citing *State v. Stewart*, 51 Ohio St.2d 86, 364 N.E.2d 1163 (1977).

{¶ 13} In order to ensure that a defendant enters a plea knowingly, intelligently, and voluntarily, a trial court must engage in an oral dialogue with the defendant in accordance with Crim.R. 11(C). *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). Crim.R. 11(C) outlines the trial court's duties in accepting guilty pleas:

> (2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
>
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
>
> (b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

With respect to the nonconstitutional aspects of Crim.R. 11(C), including an understanding of the nature of the charges and the maximum penalty involved, the trial court must substantially comply with the rule. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 14.

{¶ 14} With respect to the constitutional requirements of Crim.R. 11(C)(2)(c), however, trial courts must strictly comply with the requirements of the rule. *Id.* In conducting a plea colloquy, the trial court's failure to inform a defendant of any right in that subsection invalidates the plea. *Id.* at ¶ 1. "Strict compliance does not require an exact recitation of the precise language of the rule, but instead focuses on whether the trial court explained or referred to the right in a manner reasonably intelligent to that defendant." *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶ 8.

{¶ 15} The basis for Scott's argument is the United States Supreme Court's decision in *Ramos v. Louisiana*, ____U.S.____, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). In *Ramos*, the Supreme Court held that the Sixth Amendment right to a jury trial, as incorporated against the states by way of the Fourteenth Amendment, required a unanimous verdict to convict a defendant of a serious offense. According to Scott, this decision has altered the specific requirements of the Crim.R. 11 plea colloquy that a court must engage in with a defendant. We disagree.

{¶ 16} Scott is correct that, had his case proceeded to a jury trial, unanimity would have been required. Scott is also correct that the trial court here did not explicitly inform him that a jury verdict, should he have proceeded to a jury trial, would need to be unanimous. The *Ramos* decision, however, did not alter the constitutional requirements on judges in Ohio. The Supreme Court's decision only impacts Louisiana and Oregon, the two states that have continued to convict criminal defendants with nonunanimous jury verdicts. *Ramos* at 1391.

{¶ 17} Ohio has long recognized that a nonunanimous jury verdict is unconstitutional and void. *Work v. State*, 2 Ohio St. 296, 296 (1853). Work had been charged with assault and battery and convicted by a jury of six men in probate court. The Ohio Supreme Court found that the legislation regulating the practice of probate courts was unconstitutional and void because it provided for a jury of six. *Id.* The court went to find that because the right to a trial by jury is so fundamental, "the number of jurors cannot be diminished, or a verdict authorized short of a unanimous concurrence of all the jurors." *Id.* at 306. In 1933, the Ohio Supreme Court affirmed this court's decision finding a Cuyahoga County rule allowing for juries of six unconstitutional. *Cleveland R. Co. v. Halliday*, 127 Ohio St. 278, 282, 188 N.E. 1 (1933). Decades later, in July 1973, Crim.R. 23 went into effect, creating a uniform statewide rule that "[i[n felony cases juries shall consist of twelve." Crim.R. 23(B).

{¶ 18} The *Ramos* decision explicitly recognized Ohio's long history of requiring unanimity, noting that the Ohio Supreme Court in *Work* referred to unanimity as "one of 'the essential and distinguishing features of the trial by jury.'" *Ramos* at 1423, quoting *Work*. Further, this right is explicitly protected in Crim.R. 31(A) and implicitly protected in the Ohio Constitution. Thus, the *Ramos* decision did not recognize a new constitutional right for criminal defendants in Ohio like Scott. Further, neither Crim.R. 11(C) nor *Ramos* impose an obligation on courts to inform a defendant about the exact contours of a jury trial.

{¶ 19} After a thorough review of the plea hearing, we conclude that the trial court strictly complied with Crim.R. 11. The court was required to inform Scott that he was waiving his right to a jury trial, and it did so here. The court informed Scott that if he elected to have a jury trial, a jury of 12 would "look at the undisputed facts" of the case, and the state "would have to prove [his] guilt beyond a reasonable doubt." The court then summarized the trial process for Scott, described the other constitutional rights that he would be waiving, and informed Scott that he was waiving those rights by pleading guilty. Finally, the court asked Scott whether he understood, and Scott responded affirmatively. Our review of the record shows that Scott's plea was knowingly, intelligently, and voluntarily entered. Therefore, we overrule his first assignment of error.

## II. Sentence

{¶ 20} In Scott's second assignment of error, he argues that the trial court failed to make findings to support the imposition of consecutive sentences on the record at his sentencing hearing. In Scott's third assignment of error, he argues that the trial court failed to properly consider all of the principles and purposes of felony sentencing prior to imposing its sentence. Because both of these assignments of error deal with Scott's sentence, we will address them together.

{¶ 21} Pursuant to R.C. 2953.08(G)(2), a reviewing court may increase, reduce, or otherwise modify a felony sentence if it clearly and convincingly finds that either (a) the record does not support certain required statutory findings or (b) the sentence is otherwise contrary to law. A sentence is contrary to law if the court fails

to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12.

{¶ 22} Further, R.C. 2929.14(C)(4) requires a sentencing court to make certain findings before imposing consecutive sentences. First, the court must find that consecutive sentences are necessary to protect the public from future crime or to punish the offender. R.C. 2929.14(C)(4). The court must also find that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. *Id.* Finally, the court must find any one of the following:

> (a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under postrelease control for a prior offense.

> (b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

> (c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4). Beyond making these findings on the record, the court must also incorporate those findings into its sentencing entry. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.3d 659, ¶ 1. A court is not required to recite the statutory language verbatim as long as the necessary findings can be found in the record and are incorporated in the sentencing entry. *State v. Smith*, 8th Dist.

Cuyahoga No. 108674, 2020-Ohio-1503, ¶ 15, citing *State v. Sheline*, 8th Dist. Cuyahoga No. 106649, 2019-Ohio-528.

**{¶ 23}** Here, Scott argues that the trial court failed to properly make consecutive sentence findings on the record at his sentencing hearing. After a thorough review of the record, we disagree.

**{¶ 24}** Here, the court summarized the consecutive sentence findings in R.C. 2929.14(C)(4) as follows:

> The question is for the record should there be any consecutive sentence. And so I just say this because I put it on the record that it's not a mandatory sentence regarding the cases discretionary, so there could be a consecutive sentence — and I already noted to you as well, Mr. Scott. It could be Count 5 or Count 9. So what does it say under the law?
>
> It says consecutive sentence is necessary in a discretionary manner in order to protect the public from future crimes or to punish you. A consecutive sentence, if handed down, would not be disproportionate, meaning it's looking at the nature of the offense, the seriousness of the offense. And then the Court also has to find one of the three other findings and that would be one which you do qualify under.
>
> It's number one right off the bat. You committed the offense while you were under probation to us. And then number two is does one single prison term adequately reflect the seriousness of your offense and do you have prior criminal history.
>
> So one of the three has to be met. In fact, you meet all three of them. You have eight prior cases. You committed this act while on probation to the Court. And then in addition to that, the seriousness of the crime, the fact that somebody lost their life, would a consecutive sentence be handed down by the Court.
>
> * * *
>
> I believe under the Revised Code Section as I cited, specifically Revised Code Section 2929.14(C)(4), that a consecutive sentence would not be

> a sentence that would be unnecessary and that it would be a finding underneath the Revised Code Section to be an adequate sentence.

While the trial court did not use the exact language found in R.C. 2929.14(C)(4), the foregoing excerpt allows us to discern that the court engaged in the correct analysis, as is required. *State v. Nelson*, 8th Dist. Cuyahoga Nos. 109072, 109073, and 109260, 2020-Ohio-6993, ¶ 21, quoting *State v. Sergent*, 148 Ohio St.3d 94, 2016-Ohio-2696, 69 N.E.3d 627, ¶ 29.

{¶ 25} The court here found that consecutive sentences were necessary to protect the public and were not disproportionate to the seriousness of the offenses. The court also found that the offenses were committed while Scott was on probation, a single prison term would not adequately reflect the seriousness of the offenses, which included murder. Scott also had a lengthy criminal history. Because the court made the requisite findings pursuant to R.C. 2929.14(C)(4) and we cannot find that the record does not clearly and convincingly support the court's findings, we overrule Scott's second assignment of error.

{¶ 26} In Scott's third assignment of error, he argues that the trial court failed to properly consider all of the principles and purposes of felony sentencing prior to sentencing him. Specifically, he argues that the court failed to consider the seriousness and recidivism factors set forth in R.C. 2929.12. He also argues that the court erred in proceeding directly to sentencing because he was unable to prepare and present additional mitigating evidence at sentencing.

{¶ 27} As discussed above, a sentence is contrary to law if the trial court failed to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. *State v. McGowan*, 8th Dist. Cuyahoga No. 105806, 2018-Ohio-2930, ¶ 9, citing *State v. Maddox*, 8th Dist. Cuyahoga No. 105140, 2017-Ohio-8061, ¶ 31, citing *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907.

{¶ 28} R.C. 2929.11 provides that the overriding purposes of felony sentencing are (1) to protect the public from future crime by the offender and others, (2) to punish the offender, and (3) to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources. R.C. 2929.11(A). To achieve those purposes, R.C. 2929.12 instructs courts to consider numerous seriousness and recidivism factors. A sentencing court is required to consider the purposes and principles in R.C. 2929.11 and the sentencing factors in R.C. 2929.12. R.C. 2929.11 and 2929.12 are not fact-finding statutes, however, and the court is not required to use particular language or to make specific findings on the record related to the sentencing factors. *State v. Keith*, 8th Dist. Cuyahoga Nos. 103413 and 103414, 2016-Ohio-5234, ¶ 11, citing *State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381. Further, reviewing courts can presume that the sentencing court considered the appropriate factors unless the defendant affirmatively demonstrates otherwise. *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, citing *State v. Stevens*, 1st Dist. Hamilton No.

C-130278, 2013-Ohio-5218. "Moreover, a trial court's statement in its sentencing journal entry that it considered the required statutory factors is sufficient to fulfill a trial court's obligations under R.C. 2929.11 and R.C. 2929.12." *Keith* at ¶ 11, citing *State v. Sutton*, 8th Dist. Cuyahoga Nos. 102300 and 102302, 2015-Ohio-4074.

{¶ 29} Here, the sentencing journal entry states that "[t]he court considered all required factors of the law." Scott has not made an affirmative showing that, despite the court's statement that it considered all required factors of law, the court actually failed to consider the purposes and principles of felony sentencing in R.C. 2929.11 or the sentencing factors in R.C. 2929.12. Further, our independent review of the record has revealed nothing to suggest that the court failed to follow the mandate in R.C. 2929.11 and 2929.12 or that Scott's sentence was otherwise contrary to law. Finally, Scott concedes that there is nothing obligating a court to continue a case for sentencing after accepting a guilty plea. The record here reflects that the court advises Scott prior to accepting his guilty plea that it intended to proceed directly with sentencing. The record also reflects the court's familiarity with Scott. In denying defense counsel's request to continue the matter for sentencing, the court stated that Scott had appeared before the court numerous times on different cases, and because the court had an "understanding [of] his background, his service to the country and then hearing from [the] probation officer, I believe I'll have enough information" with respect to mitigation to satisfy the sentencing guidelines. For these reasons, we find that the court properly considered the principles and

purposes of felony sentencing pursuant to R.C. 2929.11 and the sentencing factors pursuant to R.C. 2929.12. Therefore, Scott's third assignment of error is overruled.

**III. Court Costs**

{¶ 30} In Scott's fourth and final assignment of error, he argues that the trial court erred when it ordered him to pay court costs in the sentencing journal entry after waiving court costs on the record at sentencing. We agree. The state, despite joining in Scott's motion for a remand to correct this issue, argues in its brief that the journal entry is not inconsistent because the court was statutorily required to enter a judgment against the defendant for court costs pursuant to R.C. 2947.23(A)(1). The statute also provides, however, that the court has jurisdiction to waive the payment of those costs of prosecution. R.C. 2947.23(C).

{¶ 31} At sentencing, the court explicitly stated that it was waiving all fines, fees, and court costs. The corresponding journal entry, however, contains an inconsistency because it stated, in relevant part: "Fines waived. Fees waived. Costs waived. The court hereby enters judgment against the defendant in an amount equal to the costs of this prosecution."

{¶ 32} Although a court speaks through its journal entries, clerical errors may be corrected at any time in order to conform to the transcript of the proceedings. *State v. Goines*, 8th Dist. Cuyahoga No. 105436, 2017-Ohio-8172, ¶ 35, quoting *State v. Lugo*, 8th Dist. Cuyahoga No. 103893, 2016-Ohio-2647, ¶ 3. Here, because the sentencing entry is inconsistent with the trial court's waiver of court costs on the record, the entry can be corrected through a nunc pro tunc entry

to accurately reflect what occurred at sentencing and to eliminate the internal inconsistency. *Id.*, citing *State v. Wilson*, 8th Dist. Cuyahoga No. 102189, 2016-Ohio-379. Scott's fourth assignment of error is sustained.

{¶ 33} Judgment affirmed. The case is remanded to the trial court for the limited purpose of issuing a nunc pro tunc sentencing journal entry to reflect the waiver of court costs.

It is ordered that appellant recover from appellee costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
MARY EILEEN KILBANE, JUDGE

EILEEN A. GALLAGHER, P.J., and
LISA B. FORBES, J., CONCUR