[Cite as *State v. Robinson*, 2023-Ohio-825.]

COURT OF APPEALS
KNOX COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| STATE OF OHIO | JUDGES: |
| | Hon. William B. Hoffman, P.J. |
| Plaintiff-Appellee | Hon. John W. Wise, J. |
| | Hon. Patricia A. Delaney, J. |
| -vs- | |
| | Case Nos. 22 CA 15 and 22 CA 16 |
| SARAH M. ROBINSON | |
| | |
| Defendant-Appellant | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Criminal Appeal from the Court of Common Pleas, Case Nos. 21CR03-0042 and 22CR06-0117 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | March 15, 2023 |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellee | For Defendant-Appellant |
| CHARLES T. MCCONVILLE | TODD W. BARSTOW |
| NICOLE E. DERR | 261 West Johnstown Road |
| KNOX COUNTY PROSECUTORS | Suite 204 |
| 117 East High Street, Suite 234 | Columbus, Ohio 43230 |
| Mount Vernon, Ohio 43050 | |

*Wise, J.*

{¶1} Appellant Sarah M. Robinson appeals the July 25, 2022, judgment of conviction and sentence of the Knox County Court of Common Pleas. Appellee is State of Ohio.

## FACTS AND PROCEDURAL HISTORY

{¶2} On March 9, 2021, in Knox County case 22CA000015, the Knox County Grand Jury indicted Appellant on one count of Aggravated Possession of Drugs, in violation of R.C. §2925.11(A).

{¶3} On June 2, 2022, in Knox County case 22CA000016, Appellant was charged by information with one count of Assault, in violation of R.C. §2903.13(A) and one count of Operating a Vehicle Under the Influence in violation of R.C. §4511.19(A)(1)(a). Later on June 2, 2022, Appellant entered a plea of guilty to the charges in both cases.

{¶4} On July 21, 2022, the trial court held a sentencing hearing. At the hearing Appellee presented the facts that on January 6, 2021, Appellant was stopped for a traffic violation, a canine sniff indicated the presence of narcotics. After a search of the vehicle, law enforcement found a small amount of methamphetamine. Appellee also presented facts that on May 13, 2022, Appellant operated a motor vehicle involved in an accident. She was unsteady on her feet and slurring her speech. She became combative with law enforcement officers and bit a patrolman.

## ASSIGNMENT OF ERROR

{¶5} Appellant filed a timely notice of appeal and herein raises the following Assignment of Error:

**{¶6}** "I. APPELLANT DID NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTER HER PLEAS OF GUILTY, IN VIOLATION OF HER RIGHT TO DUE PROCESS UNDER THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE ONE SECTION SIXTEEN OF THE OHIO CONSTITUTION."

**I.**

**{¶7}** In Appellant's first Assignment of Error, Appellant argues she did not knowingly, intelligently, and voluntarily enter a plea of guilty. We disagree.

**{¶8}** "When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution." *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996).

**{¶9}** Crim.R. 11 governs rights upon plea. In pertinent part, Crim.R. 11(C)(2)(c) states:

> Informing the defendant and determining that the defendant understands that by the plea the defendant is waving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶10}** The standard for a trial court's Crim.R. 11(C)(2)(c) constitutional notifications is strict compliance. *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621. "Strict compliance does not require an exact recitation of the precise

language of the rule, but instead focuses on whether the trial court explained or referred to the right in a manner reasonably intelligent to that defendant." *State v. Schmick*, 8th Dist. Cuyahoga No. 95210, 2011-Ohio-2263, ¶8.

**{¶11}** " 'This Court along with several courts, including the Ohio Supreme Court, has held there is no requirement that a trial court inform a defendant of his right to a unanimous verdict.'" *State v. Johnston*, 5th Dist. Guernsey No. 17CA000022, 2017-Ohio-8593, ¶12, quoting *State v. Rogers*, 5th Dist. Muskingum No. CT2008-0066, 2009-Ohio-4899; *State v. Fitzpatrick*, 102 Ohio St.3d 321, 810 N.E.2d 927, 2004-Ohio-3167, ¶44-46; *State v. Barnett*, 1st Dist. Hamilton No. C-060950, 2007-Ohio-4599; *State v. Coleman*, 9th Dist. Summit No. 26008, 2012-Ohio-1712, ¶12.

**{¶12}** Appellant points to the United States Supreme Court's decision in *Ramos v. Louisiana*, 206 L.Ed.2d 583, 140 S.Ct. 1390 (2020) in support of revisiting our decision in *Johnston*. In *Ramos*, the Supreme Court held that a defendant's Sixth Amendment right to a jury trial, incorporated to the states by the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense. However, Ohio has always recognized unanimity.

**{¶13}** In *State v. Scott*, 8th Dist. Cuyahoga No 109852, 2021-Ohio-2676, ¶17-18, the Eighth District Court of Appeals spoke directly to this issue:

> Ohio has long recognized that a nonunanimous jury verdict is unconstitutional and void. *Work v. State*, 2 Ohio St. 296, 296 (1853). Work had been charged with assault and battery and convicted by a jury of six men in probate court. The Ohio Supreme Court found that the legislation regulating the practice of probate courts was unconstitutional and void

because it provided for a jury of six. *Id.* The court went to find that because the right to a trial by jury is so fundamental, "the number of jurors cannot be diminished, or a verdict authorized short of a unanimous concurrence of all the jurors. *Id.* at 306. In 1933, the Ohio Supreme Court affirmed this court's decision finding a Cuyahoga County rule allowing for juries of six unconstitutional. *Cleveland R. Co v. Halliday*, 127 Ohio St. 278, 282, 188 N.E. 1 (1933). Decades later, in July 1973, Crim.R. 23 went into effect, creating a uniform statewide rule that "[i]n felony cases juries shall consist of twelve." Crim R. 23(B)

The *Ramos* decision explicitly recognized Ohio's long history of requiring unanimity, noting that the Ohio Supreme Court in *Work* referred to unanimity as "one of 'the essential and distinguishing features of the trial by jury.'" *Ramos* at 1423, quoting *Work*. Further, this right is explicitly protected in Crim.R. 31(A) and implicitly protected in the Ohio Constitution. Thus, the *Ramos* decision did not recognize a new constitutional right for criminal defendants in Ohio like Scott. Further, neither Crim.R. 11(C) nor *Ramos* impose an obligation on courts to inform a defendant about the exact contours of a jury trial.

{¶14} We agree with the Eighth District Court of Appeals. Defendants have always possessed the right to be convicted by a unanimous jury verdict. The *Ramos* decision did nothing to alter that right nor the specific requirements of the Crim.R. 11 plea colloquy.

{¶15} Even though Appellant is correct that, had her case proceeded to a jury trial, unanimity would have been required for a conviction and the trial court did not explicitly inform her of unanimity requirement, neither Crim.R. 11 nor *Ramos* require the trial court to do so.

{¶16} Upon review of the record, we find the trial court strictly complied with Crim.R. 11. Appellant was informed of her right to a jury trial, indicated she understood the right, and that she was waiving that right by pleading guilty. Therefore, Appellant's plea was knowingly, intelligently, and voluntarily entered.

{¶17} Appellant's sole Assignment of Error is overruled.

{¶18} For the foregoing reasons, the judgment of the Court of Common Pleas of Knox County, Ohio, is hereby affirmed.


JWW/br 031