[Cite as *State v. Crawford*, 2018-Ohio-2166.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
SCIOTO COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | : | Case No. 16CA3778 |
| Plaintiff-Appellee, | : | |
| | : | |
| vs. | : | DECISION AND JUDGMENT |
| | : | ENTRY |
| DEON PEREZ CRAWFORD, | : | |
| | : | |
| Defendant-Appellant. | : | **Released: 06/05/18** |

_____
APPEARANCES:

Steven H. Eckstein, Washington Court House, Ohio, for Appellant.

Mark E. Kuhn, Scioto County Prosecuting Attorney, Portsmouth, Ohio, for Appellee.
_____

McFarland, J.

{¶1} This is an appeal from a Scioto County Court of Common Pleas judgment entry sentencing Appellant, Deon Crawford, after he pleaded guilty to one count of robbery, a second degree felony in violation of R.C. 2911.01(A)(2). On appeal, Appellant contends that he was deprived of his right to due process under the Fourteenth Amendment to the United States Constitution and Article I, Section 10 of the Ohio Constitution when the trial court accepted an unknowing, unintelligent, and involuntary guilty plea. Because Appellant failed to ensure that the transcript of the plea hearing was

transmitted to this Court, we have nothing to pass upon and must presume the regularity and validity of the proceedings below. Further, even if the trial court failed to inform Appellant that a jury verdict of guilty must be unanimous prior to accepting his guilty plea, such a notification is neither required by the Constitution or by Crim.R. 11, and the trial court's failure to provide it does not constitute error. Accordingly, we conclude Appellant's sole assignment of error is without merit and the judgment of the trial court is affirmed.

                                        FACTS

{¶2} Appellant, Deon Crawford, was arrested on May 27, 2016 for the robbery of Citizens Deposit Bank in Portsmouth. He was thereafter indicted on six counts alleging the commission of aggravated robbery (along with a firearm specification), theft, robbery, illegal use or possession of drug paraphernalia, obstructing official business and tampering with evidence. After engaging in plea negotiations with the State, Appellant agreed to plead guilty to count three, robbery, a second degree felony in violation of R.C. 2911.02(A)(2), in exchange for the dismissal of the remaining counts of the indictment, as well as the State's recommendation that he receive a seven-year prison sentence.

{¶3} As a result, a change of plea hearing was held on August 30, 2016. The record indicates Appellant signed two forms on that date, one entitled "Maximum Penalty" and the other entitled "Waiver." The maximum penalty form indicated the maximum penalty for second degree felony robbery was eight years imprisonment, a $15,000.00 fine, and mandatory post-release control for a period of three years. The waiver form signed by Appellant will be discussed in more detail below.

{¶4} The trial court issued a judgment entry on August 21, 2016. The judgment entry described the change-of-plea hearing held the day prior and indicated that "defendant's acts were free and voluntary acts, whereupon the court found the rejection of rights and the plea of guilty was voluntarily, intelligently and knowingly made by the defendant." The judgment entry further convicted Appellant of the third count of the indictment, robbery, dismissed all the remaining counts, and sentenced Appellant to a prison term of seven years, along with a three-year mandatory period of post-release control.

{¶5} Appellant did not immediately appeal his conviction and sentence but instead filed a pro se motion for leave to file a delayed appeal on October 14, 2016. Along with his motion for leave to file a delayed appeal, Appellant initiated several other pro se filings in the trial court,

including a pro se motion for appointment of counsel, a pro se motion for preparation of a complete transcript of the proceedings at the State's expense, and also a statement, praecipe and notice to the court reporter (specifically requesting preparation of a transcript from a proceeding heard on October 7, 2016 by Judge Harcha and also any related prior or subsequent hearings). The trial court appointed attorney Robert S. Stratton to represent Appellant for purposes of appeal on November 29, 2016. Then, by entry dated February 16, 2017, this Court granted Appellant's motion for leave to file a delayed appeal, and also granted his motion for preparation of a complete transcript of the proceedings at State expense.

{¶6} The Scioto County Clerk of Courts filed a notice of transmission of the record on March 31, 2017, stating that the record had been transmitted to this Court and that the record did not include transcripts of proceedings. On May 15, 2017, this Court issued a Magistrate's Order noting Appellant and his counsel had taken no action to prosecute the appeal, and affording Appellant ten additional days to file a brief or face dismissal of the appeal. This Court noted in that order that the record had been transmitted without a transcript on March 31, 2017.

{¶7} A review of the record indicates Appellant's originally appointed appellate counsel filed what was essentially an *Anders* brief[1] on June 16, 2017. In that brief, counsel represented that "[n]o arguable, non-frivolous issues of reversible error exist in this case[,]' and he requested permission to withdraw as counsel for Appellant. On July 31, 2017, this Court issued a Magistrate's Order referencing our recent decision in *State v. Wilson*, 4th Dist. Lawrence No. 16CA12, 2017-Ohio-5772, which held that motions and briefs filed under *Anders* would no longer be accepted. However, because counsel had disclosed a belief that no errors or arguable merit existed, we granted his request to withdraw, and appointed attorney Steven H. Eckstein to prosecute the appeal.

{¶8} Appellant's new counsel filed a motion for an extension of time to file a brief on January 29, 2018, citing as a justifying reason, in part, that this Court had failed to rule on Appellant's motion for a full transcript. However, as set forth above, this Court granted Appellant's motion for a complete transcript at State expense on February 16, 2017. Appellant's counsel also stated he had determined a full transcript was necessary, that he had taken steps to obtain one, and that "[i]t is in the mail according to the court reporter." Despite this representation by counsel there are no docket

---

[1] *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396 (1967).

entries indicating requests for additional time for the court reporter to prepare the transcripts, nor was any motion filed to supplement the record with the transcripts. Instead, it appears from a review of the record before us, as well as the docketing statement, that the record transmitted to this Court was never supplemented to include any transcripts. Appellant's counsel finally filed an appellate brief on February 7, 2018, setting forth a single assignment of error for our review.

## ASSIGNMENT OF ERROR

"I.    CRAWFORD WAS DEPRIVED OF HIS RIGHT TO DUE PROCESS UNDER THE FOURTHEENTH AMENDMENT TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 10 OF THE OHIO CONSTITUTION WHEN THE TRIAL COURT ACCEPTED AN UNKNOWING, UNINTELLIGENT, AND INVOLUNTARY GUILTY PLEA."

## LEGAL ANALYSIS

{¶9} In his sole assignment of error, Appellant essentially contends that his guilty plea to one count of robbery was not knowingly, intelligently and voluntarily given, and that the trial court erred in accepting it. Appellant asserts that the trial court failed to inform him, prior to accepting his guilty plea, that a jury verdict of guilty must be unanimous, and that the trial court committed plain error as a result. The State contends Appellant was afforded full compliance with Crim.R. 11, agreed to the conditions of his plea, appreciated the effect of his plea and waived his rights.

{¶10} " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' " *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7; quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). " 'An appellate court determining whether a guilty plea was entered knowingly, intelligently, and voluntarily conducts a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards.' " *State v. Leonhart*, 4th Dist. Washington No. 13CA38, 2014-Ohio-5601, ¶ 36; quoting *State v. Moore*, 4th Dist. Adams No. 13CA965, 2014-Ohio-3024, ¶ 13.

{¶11} "Crim.R. 11(C) governs the process that a trial court must use before accepting a felony plea of guilty or no contest." *Veney* at ¶ 8. Before accepting a guilty plea in a felony case a trial court must address the defendant personally and engage in a colloquy covering the contents of Crim.R. 11(C)(2)(a)-(c), which are as follows:

> "(2) In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
> (a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and

of the maximum penalty involved, and if applicable, that the
defendant is not eligible for probation or for the imposition of
community control sanctions at the sentencing hearing.
(b) Informing the defendant of and determining that the
defendant understands the effect of the plea of guilty or no
contest, and that the court, upon acceptance of the plea, may
proceed with judgment and sentence.
(c) Informing the defendant and determining that the defendant
understands that by the plea the defendant is waiving the rights
to jury trial, to confront witnesses against him or her, to have
compulsory process for obtaining witnesses in the defendant's
favor, and to require the state to prove the defendant's guilt
beyond a reasonable doubt at a trial at which the defendant
cannot be compelled to testify against himself or herself."

Further, a defendant who challenges his guilty plea on the basis that it was

not knowingly, intelligently, and voluntarily made must generally prove

prejudice, which in this context means that the plea would otherwise have

not been entered. *Veney* at ¶ 15.

{¶12}  In the present case, Appellant argues that "[t]he transcript of

the proceedings of the change of plea hearing are devoid of any mention of

the requirement of a guilty verdict needing to be unanimous."  However, as

set forth above, the record was transmitted to this Court on March 31, 2017,

and it did not include any transcripts.  Further, a review of the record reveals

that Appellant failed to later supplement the record with the pertinent

transcript, or any transcripts.  " 'Pursuant to App.R. 9(A), the record on

appeal must contain "[t]he original papers and exhibits thereto filed in the

trial court, the transcript of proceedings, if any, including exhibits, and a

certified copy of the docket and journal entries prepared by the clerk of the trial court [.]" ' " *State v. Bailey*, 4th Dist. Scioto No. 09CA3287, 2010-Ohio-2239, ¶ 57; citing *State v. Dalton*, 9th Dist. Lorain No. 09CA009589, 2009-Ohio-6910, ¶ 25; quoting App.R. 9(A). Furthermore, " '[i]t is the appellant's duty to transmit the [record] to the court of appeals. * * * This duty falls to the appellant because the appellant has the burden of establishing error in the trial court.' " *Bailey* at ¶ 57; citing *Dalton* at ¶ 2; citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 199, 400 N.E.2d 384 (1980) (internal citations omitted).

{¶13} As this Court has further explained in *Wall v. Wall*, 4th Dist. Pike No. 14CA848, 2015-Ohio-1928, ¶ 7:

> "The duty to provide a transcript for appellate review falls upon the appellant. *State v. Hess*, 17 N.E.3d 15, 2014–Ohio–3193, ¶ 42, citing *Knapp v. Edwards Laboratories*, 61 Ohio St.2d 197, 400 N.E.2d 383 *199. This is necessarily so because an appellant bears the burden of showing error by reference to matters in the record. *Id.* App.R. 9(B). When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm. *Id.*" *See also, State v. Cremeans*, 4th Dist. Meigs No. 17CA6, 2018-Ohio-537, ¶14 (the absence of the change of plea hearing transcript limits our review "because we must presume the validity of the trial court's determination.") (internal citations omitted)

Because Appellant has failed to provide this Court with the transcript of the change of plea hearing, we have nothing to pass upon and must, instead, presume the regularity and validity of the proceedings below.

{¶14} Here, although we do not have the transcript of the change of plea hearing, we do have the statement of maximum penalty and written waiver signed by Appellant when he entered his plea. As noted above, the statement of maximum penalty accurately advised Appellant of the maximum penalty he was facing for second-degree felony robbery. Further, the waiver signed by Appellant on August 30, 2016, states, in pertinent part, as follows:

"I, Deon Perez Crawford, * * * understand that I have:

1. The right to a trial by jury with representation by counsel;

2. The right to confront the witnesses against me;

3. The right to compulsory process for obtaining witnesses in my favor;

4. The right to require the state to prove my guilt beyond a reasonable doubt at a trial at which I cannot be compelled to testify against myself.

Fully understanding these rights guaranteed me by the Constitution, I hereby waive them in writing. I withdraw my

former plea of not guilty, and enter a plea of guilty to the crime

of Ct. 3 Robbery (F-2) violation of Section 2911.02(A)(2) of

the Ohio Revised Code."

The written waiver form further provides a section that was signed by the

trial judge, which states as follows:

> "The Court finds that the defendant was advised of all
> applicable Constitutional rights herein, and further finds that the
> defendant understands the nature of the charges and the
> consequences of the plea."

{¶15} Additionally, as set forth above, the judgment and sentencing

entry filed by the trial court states that "defendant's acts were free and

voluntary acts, whereupon the court found the rejection of rights and the plea

of guilty was voluntarily, intelligently and knowingly made by the

defendant." In the absence of the plea hearing transcript we must presume

the validity of the findings made by the trial court, which indicate that

Appellant's guilty plea was knowing, intelligent and voluntary. *Id.* at ¶ 14.

{¶16} Furthermore, as candidly conceded by Appellant in his brief

and as noted by the State, neither Crim.R. 11 or Ohio case law indicate

Appellant's unanimity argument has merit. In fact, the Supreme Court of

Ohio and several other appellate districts have held that the trial court is not

required to inform a defendant that a verdict must be unanimous prior to

accepting a guilty plea.  For instance, with respect to the validity of a guilty

plea, the Supreme Court of Ohio has explained as follows:

> " 'Prior to accepting a guilty plea from a criminal defendant, the
> trial court must inform the defendant that he is waiving his
> privilege against compulsory self-incrimination, his right to
> jury trial, his right to confront his accusers, and his right of
> compulsory process of witnesses.' " *State v. Fitzpatrick*, 102
> Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d. 927, ¶ 52;
> quoting *State v. Ballard*, 66 Ohio St.2d 473, 423 N.E.2d 115,
> paragraph one of the syllabus (1981); following *Boykin v.
> Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709 (1969); *see also*,
> Crim.R. 11(C)(2)(c).

{¶17}  When presented with an argument that Fitzpatrick's plea was

not voluntary, knowing or intelligent because the trial court did not inform

him that "the verdict of a three-judge panel must be unanimous as to

conviction or acquittal[,]" the Supreme Court of Ohio explained as follows:

> "* * * the right to a unanimous verdict by a judicial panel in a
> bench trial is not a constitutional right; it is conferred by R.C.
> 2945.06. Because that right is not a constitutional right, a trial
> court need not advise a defendant that he waives it by pleading
> guilty. *See, generally, Libretti v. United States* (1995), 516 U.S.
> 29, 49–51, 116 S.Ct. 356, 133 L.Ed.2d 271." *Fitzpatrick* at
> ¶ 54.

{¶18}  Two years later, *State v. Ketterer*, 111 Ohio St.3d 70, 2006-

Ohio-5283, 855 N.E.2d 48 was decided.  Ketterer contended "that he did not

'knowingly, intelligently, and voluntarily' waive a jury trial and enter a guilty

plea." *Ketterer* at ¶ 13.  In response, the Court reasoned as follows:

"Contrary to Ketterer's claim, the trial court was not required to specifically advise Ketterer on the need for juror unanimity. We rejected similar claims in *State v. Bays* (1999), 87 Ohio St.3d 15, 19–21, 716 N.E.2d 1126, citing *United States v. Martin* (C.A.6, 1983), 704 F.2d 267. In *Bays*, we noted that 'a defendant need not have a complete or technical understanding of the jury trial right in order to knowingly and intelligently waive it.' *Id.* at 20, 716 N.E.2d 1126. Nor is the trial court 'required to inform the defendant of all the possible implications of waiver.' *Id. Accord Sowell v. Bradshaw* (C.A.6, 2004), 372 F.3d 821, 833–836; *State v. Turner*, 105 Ohio St.3d 331, 2005-Ohio-1938, 826 N.E.2d 266, ¶ 24–25; *Fitzpatrick,* 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 44–46 (accused need not be told that jury unanimity is necessary to convict and to impose sentence)." *Ketterer* at ¶ 68.

{¶19} Similarly, presented with the argument that a defendant's plea was not knowing, voluntary, or intelligent because the trial court failed to inform him of his "constitutional right to a unanimous verdict[,]" the Tenth District Court of Appeals stated as follows:

"Initially, there is no explicit requirement in Crim.R. 11 (C)(2)(a) that a defendant be informed of his right to a unanimous verdict.  Further, several courts, including the Ohio Supreme Court, have held there is no requirement that a trial court inform a defendant of his right to a unanimous verdict." *State v. Simpson*, 10th Dist. No. 07AP-929, 2008-Ohio-2460, ¶ 11; citing *State v. Ketterer*, supra, at ¶ 68; *State v. Fitzpatrick*, supra, at ¶ 44-46; *State v. Barnett*, 1st Dist. Hamilton No. C-060950, 2007-Ohio-4599, ¶ 6 (trial court not required to specifically inform defendant that she had right to unanimous verdict; defendant's execution of a written jury trial waiver and guilty plea form, as well as her on-the-record colloquy with the trial court about these documents, was sufficient to notify her about the jury trial right she was foregoing); *State v. Goens*, 2nd Dist. Montgomery No. 19585, 2003-Ohio-5402, ¶ 19; *State v. Pons*, 2nd Dist. Montgomery No. 7817, 1983 WL 2450

(defendant's argument that he be told that there must be a unanimous verdict by the jury is an attempted super technical expansion of Crim.R. 11); *State v. Small*, 9th Dist. Summit No. 10105, 1981 WL 4084 (Crim.R. 11 does not require the court to inform the defendant that the verdict in a jury trial must be by unanimous vote).

{¶20} Based upon the foregoing, Appellant's argument that his plea was not knowingly, voluntarily and intelligently entered because the trial court failed to inform him that he was waiving his right to a unanimous jury verdict lacks merit.  Even assuming the change-of-plea hearing transcript was properly before us and verified that Appellant was not informed that a jury verdict of guilty must be unanimous, his argument would still fail because such advisement is not required by the United States or Ohio Constitutions, nor is it required by Crim.R. 11.  Thus, Appellant cannot demonstrate prejudice.  In fact, Appellant has not argued that he would not have entered a guilty plea if he had been so advised.  Accordingly, Appellant's sole assignment of error is without merit and the judgment of the trial court is affirmed.

**JUDGMENT AFFIRMED**.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Scioto County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & Abele, J.: Concur in Judgment and Opinion.

For the Court,

BY: _____
Matthew W. McFarland

**NOTICE TO COUNSEL**
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**