[Cite as *State v. Akins*, 2024-Ohio-598.]

IN THE COURT OF APPEALS OF OHIO
SECOND APPELLATE DISTRICT
MONTGOMERY COUNTY

STATE OF OHIO                            :
                                         :
     Appellee                      :    C.A. No. 29619
                                         :
v.                                       :    Trial Court Case No. 2021 CR 03982
                                         :
JAMES AKINS                              :    (Criminal Appeal from Common Pleas
                                         :    Court)
     Appellant                     :
                                         :

. . . . . . . . . . .

O P I N I O N

Rendered on February 16, 2024

. . . . . . . . . . .

STEVEN H. ECKSTEIN, Attorney for Appellant

MATHIAS H. HECK, JR., by ANDREW T. FRENCH, Attorney for Appellee

. . . . . . . . . . . .

LEWIS, J.

{¶ 1} Defendant-Appellant James Akins appeals from his conviction and sentence for one count of gross sexual imposition of a child less than 13 years of age following a guilty plea entered in the Montgomery County Court of Common Pleas. On appeal, Akins contends his guilty plea was not knowing, intelligent, and voluntary, because the trial court failed to inform him that a jury verdict must be unanimous to convict him. For the reasons that follow, we will affirm the judgment of the trial court.

I.      Facts and Course of Proceedings

{¶ 2} On December 17, 2021, Akins was indicted by a Montgomery County grand jury on three counts of rape of a child less than 13 years of age, first-degree felonies in violation of R.C. 2907.02(A)(1)(b), and three counts of gross sexual imposition of a child less than 13 years of age, third-degree felonies in violation of R.C. 2907.05(A)(4).

{¶ 3} On August 29, 2022, pursuant to a plea agreement, Akins agreed to plead guilty to one count of gross sexual imposition of a child less than 13 years of age in exchange for the dismissal of the other five counts in the indictment and a sentencing recommendation of between 12 and 60 months in prison.   After a plea colloquy, the trial court accepted his guilty plea and found Akins guilty of one count of gross sexual imposition of a child less than 13 years of age.   The trial court sentenced Akins to 42 months in prison.

{¶ 4} Akins filed a timely notice of appeal from the trial court's judgment.   Akins was appointed appellate counsel, who filed a brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he could find no non-frivolous issues for appeal and seeking leave to withdraw.   We rejected appellate counsel's *Anders* brief and appointed new counsel to act as Atkins's advocate on appeal.   We directed new counsel to supplement the record, review the record, and raise any issues that counsel found have arguable merit.   The record has been supplemented, briefing has concluded, and the matter is ripe for our review.

II.     The Trial Court Strictly Complied with Crim.R. 11(C)(2)(c)

{¶ 5} Akins's sole assignment of error states:

THE TRIAL COURT ERRED IN FINDING DEFENDANT-APPELLANT'S GUILTY PLEA WAS ENTERED KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY AS THE TRIAL COURT DID NOT COMPLY WITH CRIM.R. 11(C)(2)(c) WHEN IT FAILED TO INFORM HIM THAT A JURY TRIAL MUST RESULT IN A UNANIMOUS VERDICT OF GUILTY BEFORE THE TRIAL COURT MAY FIND HIM GUILTY IN VIOLATION OF HIS RIGHTS TO DUE PROCESS AND A FAIR TRIAL UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION.

{¶ 6} During the August 29, 2022 plea hearing, the trial court informed Akins that, by entering his guilty plea, he was waiving various constitutional rights, including the right to a jury trial.  Plea Hearing Tr. 10.  The trial court did not inform Akins that any jury verdict would need to be unanimous in order to convict him.

{¶ 7} Akins contends that "the trial court erred in finding he understood the federal constitutional rights he was waiving as it failed to inform him of the constitutional requirement of a unanimous jury verdict of guilty before he may be convicted." Appellant's Brief, p. 3.  According to Akins, the United States Constitution's guarantee of a unanimous jury trial verdict in order to convict a criminal defendant of a serious offense was not extended to cover state jury trials until 2020.  *Id.* at 4, citing *Ramos v. Louisiana*, 590 U.S. __, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020).  Once it was so extended, Akins

argues the trial court was required to inform Akins during his plea colloquy that any jury verdict would need to be unanimous in order to convict him.

{¶ 8} The State responds that the trial court strictly complied with Crim.R. 11(C)(2)(c) by informing Akins "in a 'reasonably intelligible manner,' of all the enumerated constitutional rights he was waiving by entering a guilty plea." Appellee's Brief, p. 3. According to the State, the Ohio Supreme Court and several appellate districts have "held that Crim.R. 11(C)(2)(c) does not require a defendant to be informed of the unanimity requirement in jury trials." *Id.* at 4.

{¶ 9} " 'When a defendant enters a plea in a criminal case, the plea must be made knowingly, intelligently, and voluntarily. Failure on any of those points renders enforcement of the plea unconstitutional under both the United States Constitution and the Ohio Constitution.' " *State v. Veney*, 120 Ohio St.3d 176, 2008-Ohio-5200, 897 N.E.2d 621, ¶ 7, quoting *State v. Engle*, 74 Ohio St.3d 525, 527, 660 N.E.2d 450 (1996). We conduct a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards *State v. Leonhart*, 4th Dist. Washington No. 13CA38, 2014-Ohio-5601, ¶ 36.

{¶ 10} With respect to the nonconstitutional aspects of Crim.R. 11(C), including an understanding of the nature of the charges and the maximum penalty involved, the trial court must substantially comply with the rule. *Veney* at ¶ 14. With respect to the constitutional requirements of Crim.R. 11(C)(2)(c), however, trial courts must strictly comply with the requirements of the rule. *Id.* at ¶ 18. In conducting a plea colloquy, the trial court's failure to inform a defendant of any right in that subsection invalidates the

plea. *Id.* at ¶ 29. Relevant to the appeal before us is subsection (c), which provides that the trial court must inform the defendant and determine that the defendant understands that, by pleading guilty, he is waiving a number of rights, including the right to a jury trial.

{¶ 11} As both parties acknowledge, we, along with several other appellate districts and the Ohio Supreme Court, have previously addressed whether Crim.R. 11(C)(2)(c) requires the trial court to inform a defendant of the fact that a verdict must be unanimous to convict him. We previously explained that "several courts, including the Ohio Supreme Court have held there is no requirement that a trial court inform a defendant of his right to a unanimous verdict." *State v. Crowder*, 2d Dist. Montgomery No. 23184, 2009-Ohio-6389, ¶ 7, quoting *State v. Wesaw*, 5th Dist. Fairfield No. 08CA12, 2008-Ohio-5572, ¶ 29. *See also State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 58, ¶ 68.

{¶ 12} Although the law is well-settled in Ohio that Crim.R. 11(C)(2)(c) does not require a trial court to inform a defendant during his plea colloquy of his right to a unanimous jury verdict, Akins contends that we should revisit this issue given the United States Supreme Court's decision in *Ramos v. Louisiana*, 590 U.S. __, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). A similar argument was recently made in the Eighth and Fifth Appellate Districts. Both Districts rejected the argument. As the Eighth District explained in *State v. Scott*, 8th Dist. Cuyahoga No. 109852, 2021-Ohio-2676, ¶ 15-18:

> In *Ramos*, the Supreme Court held that the Sixth Amendment right
>
> to a jury trial, as incorporated against the states by way of the Fourteenth

Amendment, required a unanimous verdict to convict a defendant of a serious offense. * * *

The *Ramos* decision, however, did not alter the constitutional requirements on judges in Ohio. The Supreme Court's decision only impacts Louisiana and Oregon, the two states that have continued to convict criminal defendants with nonunanimous jury verdicts. *Ramos* at 1391.

Ohio has long recognized that a nonunanimous jury verdict is unconstitutional and void. *Work v. State*, 2 Ohio St. 296, 296 (1853). * * *

The *Ramos* decision explicitly recognized Ohio's long history of requiring unanimity, noting that the Ohio Supreme Court in *Work* referred to unanimity as "one of 'the essential and distinguishing features of the trial by jury.' " *Ramos* at 1423, quoting *Work*. Further, this right is explicitly protected in Crim.R. 31(A) and implicitly protected in the Ohio Constitution. Thus, the *Ramos* decision did not recognize a new constitutional right for criminal defendants in Ohio like [defendant]. Further, neither Crim.R. 11(C) nor *Ramos* impose an obligation on courts to inform a defendant about the exact contours of a jury trial.

{¶ 13} We agree with the reasoning expressed by the Eighth District in *Scott*. The trial court was not required to inform Akins of the fact that a jury verdict would need to be unanimous to convict him. Therefore, we cannot conclude on this record before us that Akins's guilty plea was less than knowing, intelligent, and voluntary.

**{¶ 14}** The sole assignment of error is overruled.


III.     Conclusion

**{¶ 15}** Having overruled the sole assignment of error, we will affirm the judgment of the trial court.

. . . . . . . . . . . . .


EPLEY, P.J., and TUCKER, J., concur.