[Cite as *State v. Martin*, 2024-Ohio-2408.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
VINTON COUNTY

State of Ohio,                                              :          Case Nos. 23CA702
                                                                                    23CA703
     Plaintiff-Appellee,                          :
                                                                          <u>DECISION AND</u>
v.                                                              :          <u>JUDGMENT ENTRY</u>

Clayton Martin,                                         :          **RELEASED 6/18/2024**

     Defendant-Appellant.                      :

_____
<u>APPEARANCES</u>:

Steven H. Eckstein, Washington Court House, Ohio, for appellant.

William L. Archer, Jr., Vinton County Prosecuting Attorney, McArthur, Ohio, for appellee.
_____
Hess, J.

{¶1} Clayton Martin appeals from judgments of the Vinton County Court of Common Pleas convicting him, following guilty pleas in two cases, of possession of a fentanyl-related compound and two counts of having weapons while under disability. Martin presents one assignment of error asserting that the trial court erred in finding his guilty pleas were entered knowingly, intelligently, or voluntarily because the trial court violated Crim.R. 11(C)(2)(c) "when it failed to inform him that a jury trial must result in a unanimous verdict of guilty before the trial court may find him guilty." For the reasons which follow, we overrule the assignment of error and affirm the trial court's judgments.

## I. FACTS AND PROCEDURAL HISTORY

{¶2}    On December 13, 2021, in Case No. 21CR0103, the Vinton County grand jury indicted Martin on five counts:  (1) Count One, aggravated possession of a drugs, a second-degree felony; (2) Count Two, possession of a fentanyl-related compound, a third-degree felony; (3) Count Three, having weapons while under disability, a third-degree felony, with a specification for forfeiture of a weapon while under disability; (4) Count Four, having weapons while under disability, a third-degree felony, with a specification for forfeiture of a weapon while under disability; and (5) Count Five, possession of heroin, a fourth-degree felony.  At the arraignment hearing, Martin pleaded not guilty to the charges. On September 20, 2022, in Case No. 22CR0061, a bill of information was filed charging Martin with one count of having weapons while under disability, a third-degree felony.

{¶3}    Subsequently, Martin executed jury trial waivers in both cases stating that he was knowingly, intelligently, and voluntarily waiving his right to a trial by jury and choosing to be tried by the judge.  In Case No. 21CR0103, Martin executed a document indicating that he was pleading guilty to Counts Two and Four and that he understood that by pleading guilty he was giving up his "right to a jury trial."  In Case No. 22CR0061, he executed a document indicating he was pleading guilty to the charge and understood that by doing so, he was waiving "a number of important and substantial constitutional, statutory and procedural rights, which include, but are not limited to, the right to have a trial by jury * * *."

{¶4}    The trial court conducted a plea and sentencing hearing in both cases. During the plea colloquy for Case No. 21CR0103, the court told Martin, "[Y]ou have the

right to have a trial by a jury of 12 of your peers or by a judge who will hear the evidence and decide your guilt or innocence, but by entering into this agreement today, you are waiving that right. Do you understand that?" Martin said, "Yes." The court later asked if Martin had "any questions about [his] trial rights." Martin said, "No." The court asked if Martin was "waiving these rights knowingly and voluntarily." Martin said, "Yes." Martin then entered guilty pleas to Counts Two and Four. The court found the pleas were knowing, voluntary, and intelligent, accepted them, found Martin guilty, and sentenced him. The court dismissed Counts One, Three, and Five.

{¶5} During the plea colloquy for Case No. 22CR0061, the court said, "Again, you have the right to a trial by a jury of 12 of your peers or by a judge who would hear the evidence and decide your guilt or innocence, and by entering into this agreement, you're waiving that right. Do you understand that?" Martin said, "Yes." The court again asked if Martin had "any questions about [his] trial rights." Martin said, "No." The court asked if he was "waiving these rights knowingly and voluntarily." Martin said, "Yes." Martin then entered a guilty plea to the charge in Case No. 22CR0061. The court found the plea was knowing, voluntary, and intelligent, accepted it, found Martin guilty, and sentenced him.

{¶6} Martin appealed from the sentencing entries in both cases, and we sua sponte consolidated the appeals for purposes of decision.

## II. ASSIGNMENT OF ERROR

{¶7} Martin presents one assignment of error:

The trial court erred in finding defendant-appellant's guilty plea was entered knowingly, intelligently, or voluntarily as the trial court did not comply with Crim.R. 11(C)(2)(c) when it failed to inform him that a jury trial must result in a unanimous verdict of guilty before the trial court may find him guilty in violation of his rights to due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution.

### III.  LAW AND ANALYSIS

{¶8}    In the sole assignment of error, Martin contends the trial court erred in finding his guilty pleas were entered knowingly, intelligently, or voluntarily because the court violated Crim.R. 11(C)(2)(c) by not informing him "that a jury trial must result in a unanimous verdict of guilty before the trial court may find him guilty."

{¶9}    "Because a * * * guilty plea involves a waiver of constitutional rights, a defendant's decision to enter a plea must be knowing, intelligent, and voluntary."  *State v. Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, ¶ 10.  "If the plea was not made knowingly, intelligently, and voluntarily, enforcement of that plea is unconstitutional."  *Id.*  "An appellate court determining whether a guilty plea was entered knowingly, intelligently, and voluntarily conducts a de novo review of the record to ensure that the trial court complied with the constitutional and procedural safeguards."  *State v. Moore*, 4th Dist. Adams No. 13CA965, 2014-Ohio-3024, ¶ 13.

{¶10}  "Ohio's Crim.R. 11 outlines the procedures that trial courts are to follow when accepting pleas."  *Dangler* at ¶ 11.  "[T]he rule 'ensures an adequate record on review by requiring the trial court to personally inform the defendant of his [or her] rights and the consequences of his [or her] plea and determine if the plea is understandingly and voluntarily made.' "  *Id.*, quoting *State v. Stone*, 43 Ohio St.2d 163, 168, 331 N.E.2d 411 (1975).  Our focus on review is not on whether the trial court recited the exact language of Crim.R. 11, but "on whether the dialogue between the court and the defendant demonstrates that the defendant understood the consequences" of the plea.  *Id.* at ¶ 12.

**{¶11}** Martin maintains that the trial court failed to comply with Crim.R. 11(C)(2)(c), which states:

> (2) In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally * * * and doing all of the following:
>
> * * *
>
> (c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

**{¶12}** "When a criminal defendant seeks to have [a] conviction reversed on appeal, the traditional rule is that [the defendant] must establish that an error occurred in the trial-court proceedings and that [the defendant] was prejudiced by that error." *Dangler*, 162 Ohio St.3d 1, 2020-Ohio-2765, 164 N.E.3d 286, at ¶ 13. "The test for prejudice is 'whether the plea would have otherwise been made.' " *Id.* at ¶ 16, quoting *State v. Nero*, 56 Ohio St.3d 106, 108, 564 N.E.2d 474 (1990). However, "[w]hen a trial court fails to explain the constitutional rights that a defendant waives by pleading guilty or no contest, we presume that the plea was entered involuntarily and unknowingly, and no showing of prejudice is required." *Id.* at ¶ 14. The Supreme Court of Ohio has "identified these constitutional rights as those set forth in Crim.R. 11(C)(2)(c) * * *." *Id.*

**{¶13}** In *State v. Crawford*, 4th Dist. Scioto No. 16CA3778, 2018-Ohio-2166, the appellant asserted that his plea was not knowing, intelligent, or voluntary because the trial court failed to inform him, prior to accepting the plea, that a jury verdict of guilty must be unanimous. *Crawford* at ¶ 9. We explained that because the appellant failed to provide a transcript of the change of plea hearing, we had "nothing to pass upon and

must, instead, presume the regularity and validity of the proceedings below." *Id.* at ¶ 13. However, "even if the trial court failed to inform" the appellant "that a jury verdict of guilty must be unanimous prior to accepting his guilty plea, such a notification is neither required by the Constitution or by Crim.R. 11, and the trial court's failure to provide it does not constitute error." *Id.* at ¶ 1.

**{¶14}** In reaching this conclusion, we explained that "neither Crim.R. 11 or Ohio case law indicate [the] unanimity argument has merit. In fact, the Supreme Court of Ohio and several other appellate districts have held that the trial court is not required to inform a defendant that a verdict must be unanimous prior to accepting a guilty plea." *Id.* at ¶ 16. We explained that in *State v. Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, the appellant argued " 'that he did not "knowingly, intelligently, and voluntarily" waive a jury trial and enter a guilty plea.' " *Crawford* at ¶ 18, quoting *Ketterer* at ¶ 13. We noted that the Supreme Court of Ohio stated:

> "Contrary to [the appellant's claim] the trial court was not required to specifically advise [him] on the need for juror unanimity. We rejected similar claims in *State v. Bays* (1999), 87 Ohio St.3d 15, 19-21, 716 N.E.2d 1126, citing *United States v. Martin* (C.A.6, 1983), 704 F.2d 267. In *Bays*, we noted that 'a defendant need not have a complete or technical understanding of the jury trial right in order to knowingly and intelligently waive it.' *Id.* at 20, 716 N.E.2d 1126. Nor is the trial court 'required to inform the defendant of all the possible implications of waiver.' *Id. Accord Sowell v. Bradshaw* (C.A.6, 2004), 372 F.3d 821, 833-836; *State v. Turner*, 105 Ohio St.3d 331, 2005-Ohio-1938, 826 N.E.2d 266, ¶ 24–25; [*State v.*] *Fitzpatrick*, 102 Ohio St.3d 321, 2004-Ohio-3167, 810 N.E.2d 927, ¶ 44-46 (accused need not be told that jury unanimity is necessary to convict and to impose sentence)."

*Id.*, quoting *Ketterer* at ¶ 68. We also noted the Tenth District Court of Appeals had stated that " 'there is no explicit requirement in Crim.R. 11 (C)(2)(a) that a defendant be informed of [the] right to a unanimous verdict. Further, several courts, including the Ohio Supreme

Court, have held there is no requirement that a trial court inform a defendant of [the] right to a unanimous verdict.' " *Id.* at ¶ 19, quoting *State v. Simpson*, 10th Dist. Franklin No. 07AP-929, 2008-Ohio-2460, ¶ 11, citing *Ketterer* at ¶ 68; *Fitzpatrick* at ¶ 44-46; *State v. Barnett*, 1st Dist. Hamilton No. C-060950, 2007-Ohio-4599, ¶ 6; *State v. Goens*, 2d Dist. Montgomery No. 19585, 2003-Ohio-5402, ¶ 19; *State v. Pons*, 2d Dist. Montgomery No. 7817, 1983 WL 2450 (June 1, 1983); and *State v. Small*, 9th Dist. Summit No. 10105, 1981 WL 4084 (July 22, 1981).

**{¶15}** Martin acknowledges our decision in *Crawford* and its reference to precedent from the Supreme Court of Ohio, but he suggests we should revisit whether a trial court in Ohio must inform a defendant of the right to a unanimous verdict during a plea colloquy given the United States Supreme Court's decision in *Ramos v. Louisiana*, 590 U.S. 83, 140 S.Ct. 1390, 206 L.Ed.2d 583 (2020). *Ramos* held that the Sixth Amendment right to a jury trial, as incorporated against the States by way of the Fourteenth Amendment, requires a unanimous verdict to convict a defendant of a serious offense in a state court. *Id.* at 88, 93. Martin suggests that in light of *Ramos*, a trial court must inform a defendant of the right to a unanimous verdict to comply with Crim.R. 11(C)(2)(c), and because the court did not do so in this case, we must presume his pleas were entered involuntarily and unknowingly, and no showing of prejudice is required.

**{¶16}** Martin's position is not well-taken. As a practical matter, *Ramos* impacted only two states, Louisiana and Oregon, because at the time *Ramos* was decided, those were the only states allowing convictions based on nonunanimous verdicts. *Id.* at 87. "Ohio has long recognized that a nonunanimous verdict is unconstitutional and void." *State v. Scott*, 8th Dist. Cuyahoga No. 109852, 2021-Ohio-2676, ¶ 17, citing *Work v.*

*State*, 2 Ohio St. 296 (1853), *overruled on other grounds*, *State ex rel. Columbus v. Boyland*, 58 Ohio St.2d 490, 391 N.E.2d 324 (1979), syllabus. *Accord State v. Akins*, 2d Dist. Montgomery No. 29619, 2024-Ohio-598, ¶ 12-13; *State v. Robinson*, 5th Dist. Knox Nos. 22 CA 15, 22 CA 16, 2023-Ohio-825, ¶ 13-14.

{¶17} In *Work*, the appellant was charged with assault and battery, tried by a jury of six under the act of March 14, 1853, and convicted. *Work* at 301. He asserted that the act, "so far as it authorizes a conviction upon the finding of such a jury, is unconstitutional and void," relying on Article I, Sections V and X of the Ohio Constitution. *Id.* at 301-302. At the time, Article I, Section V, of the Ohio Constitution stated: "The right of trial by jury shall be inviolate." Article I, Section 10 of the Ohio Constitution stated that "[i]n any trial, in any court, the party accused shall be allowed * * * a speedy public trial by an impartial jury of the county or district in which the offense is alleged to have been committed * * *." *Work* set forth the essential and distinguishing features of juries at common law: "The number must be twelve, they must be impartially selected, and must unanimously concur in the guilt of the accused before a conviction can be had." *Id.* at 304. *Work* held "that the essential and distinguishing features of the trial by jury, as known at common law, and generally, if not universally, adopted in this country, were intended to be preserved, and its benefits secured to the accused in all criminal cases, by the constitutional provisions referred to; that it is beyond the power of the general assembly to impair the right, or materially change its character; that the number of jurors can not be diminished*, or a verdict authorized short of a unanimous concurrence of all the jurors*." (Emphasis added.) *Id.* at 306. The court concluded that "[i]t follows that the act under which [the appellant's] conviction was obtained, in so far as it provides for a jury of six

only, and authorizes a conviction upon their finding, is unconstitutional and void." *Id.* at 306.

**{¶18}** The Supreme Court of Ohio has since overruled *Work* to the extent it held that Article I, Sections V and X, of the Ohio Constitution require juries of 12, see *State ex rel. Columbus* at syllabus, but not with respect to the issue of unanimity.[1]  An argument could be made that *Work*'s discussion of unanimity is dicta, but notably, Article I, Section V of the Ohio Constitution was amended effective January 1, 1913, to state:  "The right of trial by jury shall be inviolate, except that, in civil cases, laws may be passed to authorize the rendering of a verdict by the concurrence of not less than three-fourths of the jury."  This amendment reinforces the existence of an implicit right under the Ohio Constitution to a unanimous guilty verdict in criminal cases as it only authorizes less than unanimous verdicts in civil cases.  We also note that in July 1973, Crim.R. 31(A) took effect, which states that "[t]he verdict shall be unanimous."

**{¶19}** "*Ramos* did not recognize a new constitutional right for criminal defendants in Ohio * * *."  *Scott* at ¶ 18.  *Accord Akins* at ¶ 12-13; *Robinson* at ¶ 13-14.  The right to unanimity is "implicitly protected in the Ohio Constitution" and "explicitly protected in Crim.R. 31(A)."  *Scott* at ¶ 18.  *Accord Akins* at ¶ 12-13; *Robinson* at ¶ 13-14.  "Further, neither Crim.R. 11(C) nor *Ramos* impose an obligation on courts to inform a defendant about the exact contours of a jury trial."  *Scott* at ¶ 18.  *Accord Akins* at ¶ 12-13; *Robinson*

---

[1] In *State v. Gardner*, 118 Ohio St.3d 420, 2008-Ohio-2787, 889 N.E.2d 995, the lead opinion stated that "[i]n Ohio, unanimity is required by court rule, not by the Constitution."  *Gardner* at ¶ 35.  However, four justices declined to join the lead opinion, so its statement about the Ohio Constitution not requiring unanimity cannot be characterized as a holding of the Supreme Court of Ohio and is not binding authority.  *See* Article IV, Section 2(A), Ohio Constitution ("A majority of the supreme court shall be necessary * * * to render a judgment"); *Fed. Home Loan Mtge. Corp. v. Schwartzwald*, 134 Ohio St.3d 13, 2012-Ohio-5017, 979 N.E.2d 1214, ¶ 29 (portion of opinion four justices declined to join "is not a holding of this court"); *State ex rel. Pennington v. Bivens*, 166 Ohio St.3d 241, 2021-Ohio-3134, 185 N.E.3d 41, ¶ 30 (case in which four justices declined to join per curiam opinion "is not binding on this court").

at ¶ 13-14.  Therefore, the trial court was not required to inform Martin of the unanimity requirement.

**{¶20}**  Martin suggests that "the fact that Ohio has always required a unanimous verdict" is irrelevant.  He maintains that consideration of this fact "seems to be saying [he] should already know about unanimous juries since that has been the standard forever in Ohio."  He notes that the right to a jury trial itself and the right to require the state to prove guilt beyond a reasonable doubt have also "been the standard since before Ohio became a state."  He suggests it is illogical to require that defendants be advised of those rights but not the right to unanimity.  However, Crim.R. 11 contains no explicit requirement that a defendant be informed of the right to a unanimous verdict, and the Supreme Court of Ohio has determined that trial courts do not have to specifically advise a defendant on the need for juror unanimity before a defendant can knowingly, intelligently, and voluntarily waive the right to a jury trial.  *Ketterer*, 111 Ohio St.3d 70, 2006-Ohio-5283, 855 N.E.2d 48, ¶ 13, 68.  Although Martin disagrees with the logic of this determination, *Ramos* has no impact on it, and this court " 'has no authority to overrule decisions of the Ohio Supreme Court but is bound to follow them.' "  *State v. Nesbitt*, 4th Dist. Ross No. 23CA14, 2023-Ohio-3434, ¶ 57, quoting *State v. Dickens*, 9th Dist. Lorain No. 07CA009218, 2008-Ohio-4404, ¶ 25.

**{¶21}**  The record reflects that the trial court complied with Crim.R. 11(C)(2)(c) by informing Martin that by pleading guilty he was waiving his right to have a jury decide his guilt or innocence and determining that he understood that fact.  The trial court was not required to specifically advise Martin of the need for unanimity, so the court's failure to do so did not violate Crim.R. 11(C)(2)(c) or result in a presumption that Martin's guilty pleas

were entered involuntarily and unknowingly.    Accordingly, we overrule the sole assignment of error and affirm the trial court's judgments.

JUDGMENTS AFFIRMED.

## <u>JUDGMENT ENTRY</u>

It is ordered that the JUDGMENTS ARE AFFIRMED and that appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the VINTON COUNTY COURT OF COMMON PLEAS to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed 60 days upon the bail previously posted. The purpose of a continued stay is to allow appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the 60-day period, or the failure of the appellant to file a notice of appeal with the Supreme Court of Ohio in the 45-day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of 60 days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Smith, P.J. & Abele, J.: Concur in Judgment and Opinion.


For the Court


BY: _____
       Michael D. Hess, Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**